# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**JOSEPH DINGLER**                                                                                   **PLAINTIFF**

**v.**                                                                                      **No. 2:08CV20-B-A**

**CITY OF SOUTHAVEN, MS, ET AL.**                                                          **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* motion of Joseph Dingler, who seeks an injunction prohibiting the defendants and others from committing "further unconstitutional acts." For the reasons set forth below, the instant motion [2] for a preliminary injunction shall be denied.

## Factual Allegations

The plaintiff alleges that on March 18, 2007, the plaintiff and Brooke Ann Atkins ("Brooke") got angry with each other and entered into a loud, heated argument. The plaintiff left the scene of the argument, and Brooke called the Southaven Police Department and requested assistance. Brooke and Ashley Atkins told someone from the police department that the plaintiff was going to get a gun, return, and shoot them and their roommates. Two witnesses, Jennifer Lynn and "BJ" support this version of events. The plaintiff arrived at his house, but soon left to pick up some things from the grocery store. A Horn Lake Police vehicle slowly drove past the plaintiff's residence. The plaintiff pulled out of his driveway, stopped at a nearby intersection, and turned left. Right away, the Horn Lake Police officer pulled in behind the plaintiff and turned on his flashing lights. The plaintiff stopped immediately. The police officer exited his vehicle, drew his firearm, and shouted at the plaintiff – ordering him to get out of his vehicle. The plaintiff complied. Another Horn Lake Police officer arrived to assist the first officer in

restraining the plaintiff in the first officer's squad car. While the first two officers were restraining the plaintiff, Sergeant Kevin Thomas arrived on the scene in a third squad car. The officers then initiated a warrantless search of all areas of the plaintiff's vehicle, including the trunk.

Upon completion of the search, Thomas told the plaintiff not to tell anyone else about the incident. The plaintiff complained about the manner of the detention and search, and Thomas threatened violence and retaliation against the plaintiff if he pursued the matter. The plaintiff, who was still restrained, kept quiet out of fear. The plaintiff suffered no physical injury from the incident; however, he now has trouble sleeping, experiences nightmares, and suffers from mental anguish and emotional distress. He has seen a counselor to help him deal with psychological distress. The plaintiff has sought copies of public records to substantiate these events, but he has not yet received such copies. The plaintiff also alleges that the Southaven Police Department has prosecuted false allegations of traffic violations against him and seized his driver's license. Finally, the plaintiff alleges that Brooke Atkins and the City of Southaven are falsely pursuing another criminal claim against him for harassing Brooke Atkins over the telephone.

**Standard of Review**

A party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994);

A preliminary injunction is truly an extraordinary remedy, *Cherokee Pump*, 38 F.3d at 249, "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).

### Likelihood of Success on the Merits

The plaintiff simply has not demonstrated a substantial likelihood of success on the merits based upon the allegations in his complaint and the instant motion. In addition, he has not alleged facts supporting his contention that he will suffer irreparable harm if the court denies the motion. He acknowledges that he and Brooke Atkins entered into a heated argument – and that after he left, Brooke told the police that he threatened to return from his home with a firearm to shoot her and her roommates. This is a serious, specific, and direct threat. Police must respond to such a threat quickly. According to the plaintiff, the police did so. Law enforcement officers found the plaintiff leaving his home, pulled him over, restrained him, and searched his vehicle. The police officers had to take Brooke Atkins' claim seriously and determine whether the plaintiff, as they were told, had a firearm with him, and, if so, whether he had made the threat alleged. He did not have a firearm in his possession. The police therefore removed the plaintiff's restraints, and he went on his way.

The plaintiff has not alleged that the officers used excessive force and, indeed, acknowledges that he suffered no physical injury from the encounter. Based upon the allegations in the complaint, the only constitutional claims the plaintiff might have stated are the

alleged threats of retaliation against him if he discussed the event with anyone or pursued some form of official complaint against the officers – and perhaps a claim of defamation or malicious prosecution against Brooke Atkins for falsely reporting that the plaintiff threatened her and her roommates – and harassed her over the telephone.

The chances of proving such a claim are not good. The plaintiff has not set forth what relationship he has with Brooke or Ashley Atkins. He admits that he and Brooke had an argument that escalated into a shouting match – and that he immediately left and returned to his home. The plaintiff also acknowledges that at least two other eyewitnesses would testify that he threatened to shoot Brooke and her roommates. For the plaintiff to win this case, the jury would have to believe his version of events, rather than that of Brooke Atkins, Ashley Atkins, the two other witnesses, and that of law enforcement. It appears that the outcome of the case will depend entirely upon eyewitness testimony and credibility. It is literally a "he said, she said" case. Although it is possible that the plaintiff could win this case, such a victory is far from certain. Clearly, the plaintiff would have difficulty carrying the burden of persuasion by a clear showing. *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985).

**Substantial Threat of Irreparable Injury**

The plaintiff has not identified a single example of a substantial threat of irreparable injury if the injunction he seeks doe not issue. Indeed, the only relief the plaintiff seeks in the instant motion is for the defendants to stop committing "further unconstitutional acts." In other words, he seeks an order from the court requiring the defendants to abide by the law. Citizens are already required to obey the law; as such, the extraordinary remedy of a preliminary injunction would be superfluous. For these reasons, the plaintiff has not alleged facts to support two of the four elements required to obtain relief. His claims do not have a substantial

-4-

likelihood of success on the merits, and he doe not face a substantial threat of irreparable injury if the injunction does not issue.

As such, the instant motion for a preliminary injunction shall be denied. A judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the ___10th___ day of June, 2008.

                                                  s/Neal Biggers

                                                NEAL B. BIGGERS
                                                SENIOR U. S. DISTRICT JUDGE